STANLEY FULK *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 7385)

Submitted September 20, 1932. Decided September 27, 1932.

*Melville Stewart* and *Joseph B. Hearst,* for appellant.

*H. B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondents.

HATCHER, PRESIDENT:

The petitioner seeks here recognition of his claim for compensation, it having been rejected by the commissioner.

While at work in a glass factory, claimant felt a pain start in his right eye. He did not know of any injury to his eye but mentioned the pain to fellow workmen. The pain continued, redness ensued, and that evening he mentioned his condition to the safety director of the factory. A day or so afterwards claimant was examined by Dr. G. H. Traugh (an

eye specialist) who found a slight corneal abrasion (scratch) and considerable inflammation (iritis). The abrasion healed rapidly but the inflammation persisted, resulting in almost total loss of vision in that eye.

It is proven without controversy that minute particles of glass constantly attach to a workman's clothing and body in the work at which claimant was engaged. It is not denied that the pain in his eye commenced while he was at work. The scratch was just such an injury as a particle of glass would produce. It seems reasonable that the pain was coincident with the scratch and that the latter was received in the course of the employment.

Specialists say that the scratch, in itself, did not impair the vision, and Dr. H. V. Thomas said, "it is felt that infectious origin must be considered." No bodily infection was found or predisposing factor of any kind except the scratch. Dr. Traugh testified: "It was the iritis that caused his loss of vision. The scratch on the cornea caused the iritis— that is the only thing we have to go on. I don't know of any other possible cause in his particular case."

Evidence should be construed liberally in favor of the claimant. *Pripich* v. *Comp. Commr.*, decided this term. Under such construction it is clear that his condition is due to an industrial accident, and the ruling of the commissioner is reversed.

*Ruling reversed.*