WILLIE LIVELY *v.* STATE COMPENSATION COMMISSIONER, *et al.*

(No. 7435)

Submitted January 11, 1933.    Decided January 17, 1933.

*E. E. Robertson* and *Lillian S. Robertson,* for appellant.

*H. B. Lee,* Attorney General and *R. Dennis Steed,* Assistant Attorney General, for respondents.

WOODS, JUDGE:

This appeal is prosecuted from the action of the compensation commissioner in refusing an award on the ground that the disability was not proven to be due to an injury received in the course of and resulting from claimant's employment.

At the outset, the commissioner questions the court's jurisdiction in the premises. He points out that the claim, being based on six weeks' disability, can in no event exceed $80.00 (Code 1931, 23-4-5&6), and is, therefore, not appealable. Constitution W. Va., Art. VIII, sec. 3. Jurisdiction over appeals provided for in the compensation act (Code 1931, 23-5-1), has been conferred upon this court by treating petitions therefor as applications for writs of mandamus. *De Constantin* v. *Public Service Commission*, 75 W. Va. 32, 83 S. E. 88. Hence, the constitutional provision conferring appellate jurisdiction on this court in civil cases where the matter in controversy, exclusive of costs, is of greater value or amount than one hundred dollars, has no application.

Having determined the procedural question, has claimant made out a case for compensation? The testimony is to the effect that on November 30, 1931, claimant slipped on a wet concrete floor, and in so doing, struck his right testicle against a brace of some sort; that, upon completion of the day's work, he informed the foreman that he had fallen, although he made no complaint of any pain at the time; that he returned to work the day following, but was forced to cease his labors early in the afternoon due to pain in his right groin; and that he was under a doctor's care until January 13, 1932, when he was pronounced able to work. The foreman never heard claimant complain of any pain in lower abdomen prior to fall. The physician, when examined in reference to the claim, explained that claimant's ailment was a swollen right testicle, due to trauma; and that no evidence of venereal disease of any character was found. The commissioner takes the position that the doctor does not undertake to say that the disability was the result of, or in any way connected with an injury caused by falling, and dwells somewhat upon the fact that the medical author-

ities are of opinion that "orchritis" i. e., an inflammation of the testis, is not of traumatic origin, but usually due to gonorrhoea, syphilis, or tuberculosis. The only place that the word "orchritis" appears in the record is on Form C. D. 7 (Physician's Preliminary Report). As already noted, the physician gave a practical interpretation as to what was meant by the use of the word, when he testified that the condition of the testicle was the result of trauma. "Evidence should be construed liberally in favor of a claimant for workmen's compensation." *Fulk* v. *Commissioner*, 112 W. Va. 555, 166 S. E. 5. In the absence of any controversy as to the facts, we are of opinion that the evidence is sufficient to support appellant's claim for compensation, and, so believing, reverse the commissioner's finding, and remand the case.

*Reversed and remanded.*