LILLIAN MAY RAPP *v.* STATE COMPENSATION COMMISSIONER, *and* BRANCH COAL & COKE COMPANY

(No. 9524).

Submitted October 5, 1943. Decided November 9, 1943.

LOVINS, JUDGE, dissenting.

*Love & Love,* for appellant.
*Mahan, Bacon & White,* for appellee.

ROSE, JUDGE:

E. E. Rapp, a fire boss and assistant foreman of the Branch Coal & Coke Company, died February 4, 1941, from a pulmonary embolism resulting from an operation for hernia. His widow, Lillian May Rapp, on behalf of herself and their child made application for compensation to the Compensation Commissioner which was resisted by the

employer. The Compensation Commissioner disallowed the claim and the Appeal Board affirmed his action. This Court on appeal by the claimant disposed of the matter without an opinion by an order entered on the 17th day of November, 1942, which contained the following sentence:

> "And the Court being of the opinion that the record does not prove with sufficient definiteness that hernia did not exist prior to the injury for which compensation is claimed, as required by Code, 23-4-7, but that the record does show that decedent had been examined prior to such injury by a physician who was not called as a witness in this proceeding and whose testimony should reflect decedent's condition upon such examination with reference to the hernia, the Court is of the further opinion that the proceeding should be remanded to the Commissioner for the purpose of reopening it and taking the testimony of such physician on the question indicated, as well as any other competent evidence on such issue."

The cause was accordingly remanded for this purpose.

After the remand the evidence of the doctor mentioned in the Court's order, was taken, as well as certain additional testimony of the widow. Thereupon the Commissioner found for the claimant. The Appeal Board, however, reversed the Commissioner's order, and we awarded this appeal.

Our former determination that the evidence then in the case did not warrant an award of compensation is in the character of "the law of the case" and is binding upon the parties, the Commissioner, the Appeal Board and this Court. Accordingly, no compensation can be allowed on this claim unless there has been brought into the case, since its remand, such additional evidence as, with that already in the case, will establish the claim asserted. *Niland* v. *Monongahela West Penn Public Service Co.,* 125 W. Va. 231, 24 S. E. 2d 83; *Keller* v. *Norfolk & Western Railway Co.,* 113 W.Va. 286, 167 S.E. 448; *Hager* v. *Standard*

*Island Creek Coal Co.*, 112 W.Va. 479, 164 S.E. 666; *Leitch v. Chesapeake & Ohio Railway Co.*, 101 W. Va. 230, 133 S. E. 140; *Kaufman v. Catzen*, 100 W. Va. 79, 130 S. E. 292; *Keyser Canning Co. v. Klots Throwing Co.*, 98 W. Va. 487, 128 S. E. 280.

The witness whose evidence was sought was Dr. W. E. Bundy. His testimony is that he lived nextdoor to the deceased for fourteen years during which time the families frequently exchanged calls and social visits; that he was the family physician for the Rapp family; that he and Rapp had attended ball games together; that he had never treated Rapp for hernia and never heard of his having hernia until some time after the condition was discovered by Dr. M. G. Hresan in December, 1940, (which discovery was about two weeks after the date of the alleged injury and prior to which deceased stated that he did not know he had hernia); that, however, he had examined Rapp for hernia along with other employees of the Company in 1929, but found no evidence of that trouble then existing; that, about two years before the alleged injury to Rapp, he had treated him for a "kidney condition" at which time he had not made an examination specifically for hernia although he did "go over his abdomen"; and that he could not say, at the time of giving his testimony, whether deceased, at any time prior to the alleged injury, had hernia.

While Doctor Bundy was not called as a witness at the Commissioner's first hearing, a stipulation was placed in the record at that time as follows:

"It is stipulated between counsel that Dr. W. E. Bundy was subpoenaed to appear at this hearing to testify as a witness on behalf of Mrs. E. E. Rapp; that the said Dr. Bundy is and has been for a number of years the physician at the Minden mine; that Dr. Bundy was taken ill yesterday and taken to the hospital in Oak Hill and is unable to be present today as a witness and that if he were present he would testify that for a number of years preceding January 1, 1940, E. E. Rapp was a miner,

working in the Minden mine, that during that period he was a physician and that he never knew or heard anything about E. E. Rapp's having 'a rupture, or hernia; that the first information he had was the information that came from the examination which Dr. Hresan made on December 30, 1940, and that he never made any examination of E. E. Rapp after January 1, 1940, and that the said Dr. Bundy had not examined E. E. Rapp for rupture since January 1, 1929."

What did the testimony of Doctor Bundy add to the case? At its maximum value his evidence merely shows that the deceased did not have hernia in 1929; that in going over his abdomen without examination for hernia in 1940 he did not discover hernia; and that he cannot now say whether the deceased then did or did not have hernia. This testimony, even if it were wholly beyond the stipulation on the first hearing, in no way clarifies the question as to the preexistence of the hernia. His having heard no complaint of hernia by the deceased is simply in line with the testimony of other witnesses including the deceased's wife, father and mother, and working associates, which evidence was in the case at the former hearing.

The additional testimony of the widow merely corroborates the statement of Doctor Bundy as to the neighborly association of their families, denies any treatment of her husband for hernia or any complaint by him of that trouble. This adds nothing material to her testimony already in the case.

When the case was here before, the Court held that the evidence then in the record did not justify an award to the claimant. Nothing substantial in the way of testimony as to the existence or non-existence of the hernia prior to the time of the alleged injury has been added. Accordingly, we can only hold now that there is still not a sufficient showing in the evidence to sustain an award on behalf of the claimant. Moreover, at very most, the evidence before the Appeal Board presented a question of fact,

and the Board's decision thereon cannot be reversed by this Court unless plainly against a clear preponderance of the evidence. *Burgess* v. *State Compensation Commissioner,* 121 W. Va. 571, 5 S. E. 2d 804; *Prince* v. *State Compensation Commissioner,* 123 W. Va. 67, 13 S. E. 2d 396. The presumption of correctness in the finding of fact by the Appeal Board exists, even though the Compensation Commissioner may have found otherwise. *Manning* v. *State Compensation Commissioner,* 124 W. Va. 620, 22 S. E. 2d 299.

The order of the Appeal Board, therefore, is affirmed.

*Affirmed.*

LOVINS, JUDGE, dissenting:

I respectfully disagree with the conclusion reached in the majority opinion.

If the facts now before this Court were the same as on the former appeal, we would be bound to adhere to our former decision, that being the "law of the case". The testimony of Dr. Bundy and Lillian Rapp, in my opinion, substantially strengthened claimant's case. It is true that the testimony of the witnesses mentioned above is negative, but it does show that the family physician and wife of the deceased employee knew of no hernia prior to the date of the injury suffered by Rapp. In this instance death prevents the taking of positive evidence relative to the nonexistence of hernia before injury, and the natural inquiry arises: Who would have better opportunities to know Rapp's physical condition than his family physician and his widow? The answer is obvious. The testimony of the physician and Mrs. Rapp was such, in my opinion, that the requirement made by the finding of this Court on the former appeal is amply met.

It may be doubted whether Rapp was suffering from hernia prior to his injury, but that doubt, if it exists, should be resolved in favor of claimant. *Pripich* v. *Comp. Comm'r,* 112 W. Va. 540, 166 S. E. 4; *Fulk* v. *Comp. Comm'r,*

112 W. Va. 555, 166 S. E. 5; *Walden* v. *Comp. Comm'r*, 112 W. Va. 571, 166 S. E. 6; *Lively* v. *Commissioner*, 113 W. Va. 242, 167 S. E. 583. The evidence supporting the claim of the widow and child of the deceased employee, when supplemented by the testimony taken after the remand and before this appeal, and appraised according to the liberal rule above mentioned, justifies an award of compensation benefits in this case.

I would reverse the order of the Workmen's Compensation Appeal Board.