170 S.E.2d 221 (1969)
Houston RICHARDSON
v.
STATE WORKMEN'S COMPENSATION COMMISSIONER et al.
No. 12846.
Supreme Court of Appeals of West Virginia.
Submitted September 3, 1969.
Decided October 14, 1969.
*222 Shaffer & Shaffer, Harry G. Shaffer, Jr., Madison, for appellant.
R. L. Theibert, Charleston, for appellees.
HAYMOND, President.
The issues for decision in this compensation proceeding are (1) whether the State Workmen's Compensation Commissioner is without jurisdiction to consider a claim for permanent disability benefits on the ground that the claimant failed to appeal an order of the commissioner which denied the claimant temporary total disability benefits; and (2) if the commissioner has jurisdiction to consider the claim, whether the evidence submitted in support of such claim is sufficient to justify subsequent rulings of the commissioner and the Workmen's Compensation Appeal Board that the claimant is permanently disabled.
The claimant, Houston Richardson, a former employee of Eastern Associated Coal Corporation, sustained injuries to his lumbar and cervical spine on May 13, 1965, and by order dated June 16, 1965 the commissioner held the claim compensable and directed the payment of all proper medical bills and advised the claimant that if his injury should result in loss of time in excess of one week, or in permanent disability, his claim would be given further consideration, if requested within three years from the date of his injury. The order that the claim was compensable was not protested or appealed by the employer.
Subsequently the claimant became unable to work and his claim was considered by the commissioner to determine whether he was entitled to temporary total benefits. After being examined on December 10, 1965, by Dr. Robert S. Wilson, who stated that the claimant was then totally though not permanently disabled and after examination *223 and diagnosis by Dr. Stephen Ward, the commissioner, by order of March 22, 1966, awarded the claimant temporary total disability benefits and the employer protested that award.
At a hearing on August 4, 1966, the claimant, in describing the injury, stated "I was pulling a large mining cable over a large pile of coal. Two other fellows was helping me pull. And the man behind me fell down, throwed all the weight on me and doubled me up on a pile of coal, and I was in an awkward position." After he was examined by Dr. Sidow, the claimant returned to work on May 17, 1965 and continued to work until August 10, 1965 but since that date he has not performed any work. Sometime between the date of his injury of May 13, 1965 and August 10, 1965, he fell on the basement stairs of his home but an x-ray examination by Dr. Sidow did not reveal any change in his condition after the fall, and the claimant testified that he could not say that the fall produced any additional injury. After hearings on August 4 and 17, 1966, the commissioner entered the order of April 14, 1967 which contained these provisions:
"This claim came on again to be considered this 14th day of April, 1967, upon the entire record, particularly upon the Commissioner's ruling paying the claimant total temporary disability benefits from August 11, 1965, to February 14, 1966, both dates inclusive, upon protest thereto, upon hearing duly held and upon transcript of evidence; upon consideration of all of which, it is hereby ordered and directed that the aforesaid ruling paying the claimant total temporary disability benefits from August 11, 1965, to February 14, 1966, both dates inclusive, be and the same is hereby set aside, vacated and annulled, the Commissioner being of the opinion that the disability complained of was not due to an injury received in the course of and as a result of claimant's employment; all of which is accordingly so ordered."
The claimant and the employer were notified that either party had thirty days from receipt of the order within which to appeal, but neither party objected to the order and the claimant did not appeal from the order within the thirty day period. Subsequently the claimant requested a rating for permanent disability benefits. The commissioner referred the claimant to Dr. R. T. Humphries, who reported the claimant to be totally disabled; and by order of July 25, 1967 the commissioner awarded the claimant permanent total disability. The employer protested the award and hearings were held at which it appeared that the claimant was permanently and totally disabled as a combined result of previous injuries and the injury which he sustained on May 13, 1965; and by final order of January 10, 1969 the commissioner affirmed his ruling that the claimant was permanently and totally disabled and, under the provisions of the second injury statute. Section 1, Article 3, Chapter 23, Code, 1931, as amended, held that 52% of his disability was charged to the injury of May 13, 1965.
Upon appeal by the employer to the State Workmen's Compensation Appeal Board, the board affirmed the order of the commissioner of January 10, 1969 insofar as it granted the claimant a permanent total disability award but remanded the claim to the commissioner with directions that the charge against the employer be changed to a maximum of 33% instead of 52% as ordered by the commissioner.
From the order of the board of April 30, 1969, an appeal was granted by this Court on June 30, 1969 upon the application of the employer.
The principal defense to the claim for permanent total disability benefits upon which the employer relies is that by the order of April 14, 1967 which was final and was not appealed, the commissioner denied the claim of the claimant for permanent total disability and that after that order became *224 final because not appealed within thirty days, the commissioner lost jurisdiction of the claim and his subsequent action in awarding permanent total disability was of no valid force and effect. That defense is not well founded.
It is clear from the record that the only question involved in the hearings with respect to which the order of April 14, 1967 was entered was whether the claimant was entitled to temporary total disability benefits for the period August 11, 1965 to February 14, 1966. The maximum degree of recovery of the claimant had not been determined and his claim for permanent total disability had not been investigated or considered by the commissioner. It was not until June 1967, which was more than a month after the entry of the order of April 14, 1967, that the claimant was referred to any doctor for examination and report with respect to his permanent disability. No question of any permanent disability of the claimant resulting from his compensable injury of May 13, 1965 was considered or involved in the hearings, upon which the order of April 14, 1967 was based, and no question concerning any permanent disability of the claimant resulting from the injury of May 13, 1965 was dealt with by that order. The "disability complained of" and mentioned in the order was not permanent disability but temporary disability. Properly considered, the order must be held to be limited to the claim for temporary total disability and this, the commissioner held, did not result from his injury of May 13, 1965. That the commissioner so considered the order is indicated by his subsequent action in awarding the claimant permanent total disability.
An order of the State Workmen's Compensation Commissioner from which no appeal is taken, which relates solely to temporary total disability and which does not relate to permanent disability, does not deny permanent disability to which a claimant may be entitled or deprive the commissioner of jurisdiction to hear and determine such permanent disability.
A compensable injury may not of itself result in temporary total disability but may result in permanent disability which when combined with other prior injuries may cause permanent total disability.
Though the application of an employee, as here, may relate to and include claims for both temporary total disability and permanent partial or total disability, the benefits and the time limitations of each kind of disability are entirely separate and distinct. When temporary total benefits are sought and awarded, the award for such benefits must precede any award for permanent partial or total disability; and after a permanent disability benefit award has been made there can be no subsequent award of temporary total benefits for the same injury. State ex rel. Conley v. Pennybacker, 131 W.Va. 442, 48 S.E.2d 9; Miller v. State Compensation Commissioner, 130 W.Va. 771, 45 S.E.2d 249; Morrell v. State Compensation Commissioner, 124 W.Va. 758, 22 S.E.2d 454. There is also a different time limitation with respect to the continuing jurisdiction of the commissioner as to temporary total disability and permanent partial or total disability. As to temporary total disability the jurisdiction of the commissioner extends for three years after payments for temporary disability shall have ceased or when no award has been made such jurisdiction extends for three years after the date of injury; and as to permanent disability his jurisdiction extends for one year after the last payment of any permanent disability award. Section 16, Article 4, Chapter 23, Code, 1931, as amended; Blosser v. State Compensation Commissioner, 132 W.Va. 112, 51 S.E.2d 71.
After the entry of the order of April 14, 1967 and the claimant had been referred by the commissioner to Dr. Humphries for examination and report, he was examined by Dr. Humphries and by Dr. Sidow, both of whom testified that he was permanently and totally disabled, and Dr. Sidow testified, without contradiction, that his permanent disability resulted from the combined *225 effect of his previously determined compensable injuries, for which he was previously awarded 52% permanent disability, and his injury of May 13, 1965. Upon the foregoing testimony and the testimony of the claimant with respect to his injury of May 13, 1965, the commissioner awarded the claimant permanent total disability and erroneously charged the account of the employer with 52% of his disability and also erroneously charged the second injury reserve fund, provided by the statute, with the remaining percentage of his disability. See State ex rel. Myers v. Straughan, State Compensation Commissioner, 144 W. Va. 452, 108 S.E.2d 565. The award of the commissioner of permanent total disability was affirmed by the Workmen's Compensation Appeal Board which remanded the claim with directions that the commissioner charge the account of the employer with 33% permanent disability instead of 52% ordered by the commissioner.
The award of permanent total disability as modified by the board is supported by the evidence and as it does not appear that the finding of the board is clearly wrong, its award will not be disturbed by this Court upon this appeal.
This Court has consistently held in many cases that in order to reverse a finding of fact by the Workmen's Compensation Appeal Board, it must appear from the proof upon which the board acted that the finding in question was plainly wrong. Partlow v. Workmen's Compensation Commissioner, 150 W.Va. 416, 146 S.E.2d 833; Dombrosky v. State Compensation Commissioner, 149 W.Va. 343, 141 S.E.2d 85, and the numerous cases cited in the opinion in that case. In the Dombrosky case this Court held in point 1 of the syllabus, that "In order to reverse a finding of fact by the Workmen's Compensation Appeal Board it must appear from the proof upon which the board acted that the finding in question was plainly wrong."
The ruling of the Workmen's Compensation Appeal Board is affirmed.
Affirmed.