228 S.E.2d 702 (1976)
William E. HAMRICK
v.
STATE WORKMEN'S COMPENSATION COMMISSIONER and Island Creek Coal Company.
No. 13737.
Supreme Court of Appeals of West Virginia.
October 12, 1976.
Dan O. Callaghan, Richwood, for appellant.
George G. Burnette, Jr., Charleston, for appellees.
CAPLAN, Justice:
This is an appeal by Island Creek Coal Company, the former employer of the claimant, from an order of the Workmen's Compensation Appeal Board dated May 26, 1976 which reversed the commissioner's order of July 17, 1975. The commissioner in the latter order held that the claimant had been fully compensated and denied a reopening of his case. The appeal board remanded the case to the commissioner for referral to the occupational pneumoconiosis board for advice on the matter of progression of the claimant's disability.
The claimant, William E. Hamrick, who had worked in the mine for this employer for approximately twenty-two years was, on March 15, 1972, granted a 25% permanent partial disability award for occupational pneumoconiosis. Subsequently, the claimant filed a petition to reopen his claim and in support thereof submitted a letter from Jack W. Hunter, M.D. which reads as follows:

*703 This patient has been under my care for several years for a pulmonary condition. He has had progressive frequent and severe coughing and shortness of breath. He recently had to be hospitalized several days for this condition. It is my opinion this patient's pneumoconiosis case should be reopened.
On March 20, 1974, the commissioner, holding that the claimant had been adequately compensated by the prior award, denied his petition for a reopening. Instead of appealing the commissioner's order as directed therein in the event of dissatisfaction, the claimant filed a protest. There being no objection to this procedure a hearing was subsequently held during which the claimant introduced the report of Murray B. Hunter, M.D. Dr. Hunter had examined the claimant on February 18, 1975. Following the hearing the commissioner on July 17, 1975 affirmed his former order and denied the reopening.
The claimant filed a timely appeal to the Workmen's Compensation Appeal Board and therein posed the following inquiry: "Whether this claim should have been referred to the occupational pneumoconiosis board prior to the entry of a final order." Upon consideration of the appeal, the board, on May 26, 1976, reversed the commissioner's order and remanded the claim for referral to the occupational pneumoconiosis board for advice on the matter of progression. In the proceedings before the commissioner the employer moved that in the event the claim be reopened that the United Mine Workers of America, for whom the claimant later worked, be made a party.
The employer, pointing out that there is nothing in the law which requires the commissioner to refer a claim to the occupational pneumoconiosis board for its advice in a proceeding to reopen a pneumoconiosis claim, contends upon this appeal that such remand and referral by the appeal board constitutes error. Pertinent to the determination of whether a claimant in a pneumoconiosis case must be referred to the occupational pneumoconiosis board is the following language of W.Va.Code, 1931, 23-4-8, as amended: "If the compensation claimed is for occupational pneumoconiosis, the commissioner shall have the power, after due notice to the employer, and whenever in his opinion it shall be necessary, to order a claimant to appear for examination before the occupational pneumoconiosis board hereinafter provided." It appears clear from this quoted language that the commissioner is under no statutory mandate to refer a claimant for occupational pneumoconiosis to the occupational pneumoconiosis board. The claimant points out that under the provisions of W.Va.Code, 1931, 23-4-8c(c)(2), as amended, the occupational pneumoconiosis board shall set out in its findings and conclusions whether the exposure has "perceptibly aggravated an existing occupational pneumoconiosis". Thus, says the claimant, it is mandatory that the occupational pneumoconiosis board determine whether there has been an aggravation of the claimant's condition. While it is true that the occupational pneumoconiosis board shall determine perceptible aggravation of the claimant's pneumoconiosis, it shall do so only when the commissioner, "whenever in his opinion it shall be necessary", orders a claimant to appear before it for examination. There is no requirement that he do so.
It may be helpful, as advocated by the claimant and as stated by the appeal board, to refer a claimant who has a petition for reopening of his pneumoconiosis claim to the occupational pneumoconiosis board for examination but the commissioner is under no legal obligation to do so. In fact, the statute (23-4-8) expressly makes referral to the occupational pneumoconiosis board discretionary with the commissioner. As noted in Ferguson v. Compensation Commissioner, 152 W.Va. 366, 163 S.E.2d 465 (1968), the findings and conclusions of the occupational pneumoconiosis board do not constitute an award of compensation but are information to be considered by the commissioner in making his decision. Such findings and conclusions constitute evidence and nothing more.
*704 Were we to subscribe to the holding of the appeal board in this case we would be creating a mandate which the statute does not provide. If referring every pneumoconiosis reopening case to the occupational pneumoconiosis board is to be a mandatory duty of the commissioner then such duty should be created by legislative action. If we permit the order of the appeal board to stand we are effectively amending the statute. This, we will not do.
It is urged that the findings of the appeal board are conclusive and should not be disturbed by this Court. Although this is a well accepted principle, the legal conclusions of the board are subject to review. Our review of this case concerns the legal conclusions of the appeal board rather than the findings of fact and we find those legal conclusions to be erroneous. "An order of the Workmen's Compensation Appeal Board will be reversed by this Court on appeal where it is not supported by the evidence or where the legal conclusions of the board are erroneous." Point 5, Syllabus, Clark v. State Workmen's Compensation Commissioner, 155 W.Va. 726, 187 S.E.2d 213 (1972); Emmel v. State Compensation Director, 150 W.Va. 277, 145 S.E.2d 29 (1965).
In view of the foregoing the order of the Workmen's Compensation Appeal Board is reversed and the decision of this Court will be certified to the appeal board and to the commissioner.
Reversed.