HARRY RAY LANIER

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER *and* NEW

RIVER COMPANY

(No. 13972)

Decided November 15, 1977.

*Kendrick King, Rodney A. Skeens,* for appellant.

*W. J. Richmond, Jr., Bowers, Hodson, Henderson & Richmond,* for appellee—New River Co.

CAPLAN, CHIEF JUSTICE:

This is an appeal by the claimant, Harry Ray Lanier, from a final order of the Workmen's Compensation Appeal Board entered May 26, 1977, which, by a two to one vote, reversed the final order of the Workmen's Compensation Commissioner dated May 25, 1976.

The claimant, on August 7, 1972, while working for the New River Company as an electrical repairman in its coal mining operation, was severely injured. While he was taking the slack out of a conveyor chain with a sixteen-inch pipe wrench, the wrench slipped and struck him in the chin and mouth. Several teeth were broken and he bled profusely from his mouth. He developed a headache and had pain at the back of his right ear which persisted until the last day he worked, August 21, 1972.

On that last day his mouth drew "sideways" and his right eye stayed completely open and would not close. The next day August 22, 1972, the claimant went to Dr. Curtis Thomas, who diagnosed his condition as "Bell's palsy, right side". He treated him for this condition until October 24, 1972.

Ruling on the claimant's application for compensation benefits, the commissioner, on November 20, 1972, ruled that the injuries to Lanier's mouth and teeth were compensable but that the condition resulting from Bell's palsy was unrelated and not compensable. The claimant protested the ruling and further medical examinations followed. Upon receiving the results of these examinations, the commissioner reversed his initial decision and ruled that the claimant's Bell's palsy was related to the August 7, 1972 injury and was, therefore, compensable. The employer appealed and the appeal board held that the "evidence in this case was insufficient to establish a

causal relationship between the Bell's palsy condition ... and the industrial accident of August 7, 1972." This appeal followed.

Harry Lanier, testifying at a hearing on May 22, 1973, described the injury and how the condition of which he complains developed. He related that he had this "crooked" mouth on the last day he worked and that he suffered pain behind his ears from the time of the injury. He testified that on August 21, 1972 "My mouth drawed like this, and this eye stayed completely open and would not close." Lanier stated that prior to this injury he had never had such a condition. A co-worker testified as to the claimant's condition, relating that his mouth was "twisted and crooked". He said the claimant's condition became worse about two or three weeks later.

Three doctors testified relative to the claimant's condition, Dr. Curtis A. Thomas, Jr.; Dr. Sherman E. Hatfield and Dr. C. M. Caudill. Their testimony can be fairly summed up as follows: they do not know what causes Bell's palsy; they cannot say that the injury suffered by the claimant caused this condition but they cannot say that it did not, since at least two doctors related that trauma can cause "this type of peripheral paralysis"; it was one doctor's "feeling" that this was "spontaneous" Bell's palsy and that it "probably was coincidental" that it occurred so soon after this injury; and another doctor said it would be "impossible for me" to find any causal connection between the accident and the palsy. This doctor acknowledged that this condition can result from a blow such as the claimant received and that little is known as to the cause of Bell's palsy.

We believe that a reasonable appraisal of the evidence in this case and a correct application of the law to that evidence readily shows that the ruling of the workmen's compensation appeal board was plainly wrong and its order is reversed. In accordance with a long line of cases in this jurisdiction, a disability which cannot with some degree of certainty be attributed to a cause other than

the subject injury must be presumed to have resulted from such injury. This was succinctly expressed in Syllabus Point No. 1 of *Pripich v. State Compensation Commissioner*, 112 W. Va. 540, 166 S.E. 4 (1932), as follows:

"Where, in the course of and arising out of his employment, an employee in good health and of strong physique, suffers physical injury which is followed by serious disabilities, competent physicians differing as to whether the disabilities are attributable to the injury, but only probable or conjectural reasons or causes are assigned by physicians in an effort to explain the disabilities on grounds other than the injury, the presumptions should be resolved in favor of the employee rather than against him."

*See, Sisk v. Workmen's Compensation Commissioner*, 153 W. Va. 461, 170 S.E.2d 20 (1969); *Vankirk v. State Compensation Commissioner*, 144 W. Va. 447, 108 S.E. 2d 567 (1959). *See also, Dombrosky v. State Compensation Director*, 149 W. Va. 343, 141 S.E.2d 85 (1965); *Morris v. State Compensation Commissioner*, 135 W. Va. 425, 64 S.E.2d 496 (1951); and *Pannell v. State Compensation Commissioner*, 126 W. Va. 725, 30 S.E.2d 129 (1944).

In addition, as to the appraisal of evidence in compensation cases this Court has repeatedly recognized and applied the liberality rule. *Dombrosky v. State Compensation Director, supra, Buckalew v. State Compensation Director*, 149 W. Va. 239, 140 S.E.2d 453 (1965), *McGeary v. State Compensation Director*, 148 W. Va. 436, 135 S.E.2d 345 (1964). Not only should the evidence be liberally construed in favor of a claimant, but, where the facts are clear and undisputed, the claimant is entitled to the benefit of all reasonable inferences to be drawn therefrom in support of his claim. *See, Whitt v. State Workmen's Compensation Commissioner*, 153 W. Va. 688, 172 S.E.2d 375 (1970); *McGeary v. State Compensation Director, supra*, and *Caldwell v. Workmen's Compensation Commissioner*, 106 W. Va. 14, 144 S.E. 568 (1928).

In the instant case it is undisputed that the claimant was injured in the course of his employment, that he

was in good physical health prior to the injury, that the injury was followed by the condition of which he complains. The record reveals that the medical evidence, while inconclusive, readily demonstrates that the claimant's condition could have resulted from the subject injury.

In these circumstances and under the principles of law pertaining to workmen's compensation claims set forth herein, we are of the opinion that the appeal board was plainly wrong in holding that the evidence was insufficient to establish a causal relationship between the Bell's palsy condition and the industrial accident of August 7, 1972. The case is therefore remanded to the appeal board with directions that it be referred to the commissioner for the purpose of determining the amount of disability, if any, suffered by the claimant by reason of his Bell's palsy condition.

*Reversed and remanded*
*with directions.*