345 S.E.2d 23

**Jackie L. BIAS**

v.

**WORKERS' COMPENSATION COMMISSIONER and Big Mountain Coals, Inc.**

**No. 16880.**

Supreme Court of Appeals of West Virginia.

June 4, 1986.

Timothy G. Leach, Charleston, for appellant.

Shaffer & Shaffer, Madison, George D. Blizzard, III, for appellees.

McGRAW Justice:

This is an appeal by the claimant from an order of the Workers' Compensation Appeal Board, dated June 26, 1985, which reversed a ruling of the Workers' Compensation Commissioner denying the employer's application for modification of the claimant's temporary total disability benefits. The claimant asserts that the Appeal Board erred in concluding that his disability was not causally related to his occupational injury. We agree, and we reverse the decision of the Appeal Board.

The claimant was a thirty-year-old coal miner employed by Big Mountain Coals, Inc., when he slipped and fell at work on

May 4, 1982, twisting his knee and striking his forehead. The claimant was treated by Dr. Tony C. Majestro, who performed surgery to correct a torn medial meniscus of the claimant's left knee. The claimant subsequently began complaining of low back pain, which Dr. Majestro concluded was the result of a preexisting condition, Grade I spondylolisthesis, which was aggravated by the claimant's occupational injury.

The claimant filed two applications for workers' compensation benefits, one describing injuries to his head, back and neck and the other describing the injury to his knee. The claim was ruled compensable, and the claimant was awarded temporary total disability benefits by order of the Commissioner dated May 26, 1982. The employer did not protest this ruling.

The claimant continued to receive temporary total disability benefits for several months. He returned to work on November 1, 1982, but was laid off the following day. By order dated January 5, 1983, the Commissioner closed the claim on a temporary total disability basis.

In January, 1983, the claimant filed a motion to reopen his temporary total disability claim on the basis of Dr. Majestro's report that, due to exacerbation of his condition, the claimant was unable to work. By order dated January 27, 1983, the Commissioner granted the motion for reopening, and the employer protested.

On April 21, 1983, while the protest to the reopening was pending, the employer filed an application for modification of the claimant's temporary total disability benefits pursuant to W.Va.Code § 23–5–1c (1985 Replacement Vol.) on the ground that the claimant had reached maximum improvement with respect to his knee injury and had suffered no compensable back injury. The Commissioner notified the claimant of the application for modification and advised him that she was considering closing the claim unless the claimant submitted evidence supporting continuation of temporary total disability benefits within thirty days.

In response, the claimant submitted a medical report from Dr. Majestro which indicated that the claimant was having increased discomfort in his back and left leg. Dr. Majestro's report also indicated that on April 29, 1983 the claimant had complained of pain, weakness and numbness in his neck and right arm, symptoms which the claimant reported as having first appeared approximately three months after the occupational injury. Dr. Majestro concluded that the claimant was probably suffering from a herniated cervical disc and recommended that he be hospitalized for a lumbar myelogram and neurological consultation and evaluation of his low back and cervical spine.

On the basis of Dr. Majestro's report, the Commissioner, by order entered June 22, 1983, denied the employer's application for modification. The employer apparently did not protest this ruling. By letter dated August 4, 1983, however, the employer did object to the Commissioner's authorization and payment of medical treatment for the claimant's back and neck problems on the ground that there was no evidence that they were causally related to his compensable injury. By letter dated August 19, 1983, the Commissioner informed Dr. Majestro that the claim was being reviewed at the employer's request and requested information relating the claimant's medical treatment to his occupational injury.

In reply, Dr. Majestro submitted a report, dated September 2, 1983, in which he reiterated his opinion that the claimant's low back condition was the result of a preexisting condition which had been aggravated by his occupational injury. Dr. Majestro also indicated a possible relationship between the claimant's cervical spine condition and the head injury he sustained at work, but stated that he was uncertain of the causal connection due to the claimant's delay in reporting his symptoms. Dr. Majestro advised the Commissioner that the claimant had been referred for treatment to Dr. Robert J. Clubb, a neurosurgeon who had performed surgery to remove a herniated cervical disc, and referred the Commissioner to Dr. Clubb for an opinion as to the compensability of that condition.

On November 15, 1983, a hearing was conducted upon the employer's protest to the reopening of the claimant's temporary total disability claim. In describing his occupational injury, the claimant testified that he had struck his head with such force that the plastic safety hat he was wearing had cracked. The claimant further testified that he had begun experiencing pain in his neck and arm one or two months after his occupational injury and that he had reported the symptoms to Dr. Majestro at that time, but was told that they were probably caused by the way he was sleeping.

Dr. Majestro testified to the matters contained in his report of September 2, 1983. He further testified that although the claimant's knee and back conditions had reached maximum improvement in September 1983, the claimant had not yet been released to return to work due to his cervical spine condition. Dr. Majestro again declined to offer an opinion as to the compensability of this condition. After the hearing, Dr. Clubb submitted a letter in which he related to the Commissioner his treatment of the claimant's neck problems and expressed his opinion that the claimant's cervical spine condition was related to and the result of his occupational injury.

On the basis of the evidence adduced at the protest hearing, particularly Dr. Majestro's testimony, the employer filed a second application for modification of the claimant's temporary total disability benefits. On January 5, 1984, the Commissioner issued an order ruling that the employer's application failed to establish just cause for modification of the claim.

The employer appealed this ruling to the Appeal Board, which, in its order dated June 26, 1985, found that the claimant had reached his maximum degree of improvement in regard to his back and knee conditions and that his cervical spine disability was not causally related to his occupational injury. Accordingly, the Appeal Board reversed the Commissioner's ruling and ordered the case remanded with directions to grant the employer's application for modification and to adjust the claimant's tempo-

rary total disability benefits as indicated by the evidence.

The principal issue raised by the claimant in this appeal concerns the Appeal Board's ruling on the compensability of his cervical spine condition. The claimant asserts that the Appeal Board erred in finding that this disability was not causally related to his occupational injury. As a general rule, " '[t]his Court will not reverse a finding of fact made by the Workmen's Compensation Appeal Board unless it appears from the proof upon which the appeal board acted that the finding is plainly wrong.' Syllabus, *Dunlap v. Workmen's Compensation Commissioner,* 152 W.Va. 359 [163 S.E.2d 605 (1968)]." Syllabus Point 2 of *Jordan v. State Workmen's Compensation Commissioner,* 156 W.Va. 159, 191 S.E.2d 497 (1972).

After carefully reviewing the record in this case, however, we find that certain of the Appeal Board's findings of fact were contrary to the evidence. The Appeal Board found, for example, that there was no evidence that the symptoms of the cervical spine disability manifested themselves prior to April, 1983. The only evidence offered on this point, however, was the testimony of the claimant, who stated that he had begun experiencing pain in his neck and arm several months after the occupational injury. Dr. Majestro testified that the claimant did not *report* his symptoms until April 29, 1983, but his office notes indicate that the claimant stated at that time that he had been suffering from the condition since several months after his injury at work. Moreover, Dr. Majestro's testimony as to the claimant's delay in reporting his symptoms was contradicted by the claimant's testimony that he reported them immediately.

In addition, the Appeal Board based its ruling as to the compensability of the claimant's disability in large part upon its finding that Dr. Majestro believed the claimant's herniated cervical disc was not the result of his occupational injury. A review of the entire record, however, shows that at no time did Dr. Majestro express the opinion that the claimant's con-

dition was not related to the injury. Dr. Majestro merely stated that he felt unable to express an opinion on the causal connection due to the claimant's alleged delay in reporting his symptoms. For that evaluation, Dr. Majestro deferred to the judgment of Dr. Clubb, the specialist to whom the claimant had been referred for diagnosis and treatment of his cervical spine problems.

■ Moreover, even if Dr. Majestro's testimony were to be construed as questioning the compensability of the claimant's cervical spine disability, we have repeatedly held that " '[e]vidence should be construed liberally in favor of a claimant for workmen's compensation.' Syllabus, *Fulk v. State Compensation Commissioner*, 112 W.Va. 555 [166 S.E. 5 (1932)]." Syllabus Point 2, *Johnson v. State Workmen's Compensation Commissioner*, 155 W.Va. 624, 186 S.E.2d 771 (1972); Syllabus Point 1, *Ward v. State Workmen's Compensation Commissioner*, 154 W.Va. 454, 176 S.E.2d 592 (1970).

"Where, in the course of and arising out of his employment, an employee in good health and of strong physique, suffers physical injury, which is followed by serious disabilities, competent physicians differing as to whether the disabilities are attributable to the injury, but only probable or conjectural reasons or causes are assigned by physicians in an effort to explain the disabilities on grounds other than the injury, the presumptions should be resolved in favor of the employee rather than against him." Point 1, Syllabus, *Pripich v. State Workmen's Compensation Commissioner*, 112 W.Va. 540, 166 S.E. 4 (1932).

Syllabus Point 1, *Lanier v. State Workmen's Compensation Commissioner*, 160 W.Va. 758, 238 S.E.2d 687 (1977).

In this case both of the physicians who treated the claimant indicated that his cervical disability could have been caused by the head injury he received in his fall at work. Dr. Clubb's opinion, stated unequivocally after examination of the claimant and review of Dr. Majestro's medical history, was that the claimant's disability was related to and the result of his occupational injury. Neither physician offered any alternative explanation for the claimant's disability.

■ After reviewing all the evidence we think it is evident that the Appeal Board's ruling was based on an erroneous view of the evidence. " 'An order of the Workmen's Compensation Appeal Board will be reversed by this Court on appeal where it is not supported by the evidence or where the legal conclusions of the board are erroneous.' Point 5, Syllabus, *Clark v. State Workmen's Compensation Commissioner*, 155 W.Va. 726, 187 S.E.2d 213 (1972)." Syllabus Point 2, *Hamrick v. State Workmen's Compensation Commissioner*, 159 W.Va. 840, 228 S.E.2d 702 (1976). *See also Barkley v. State Workmen's Compensation Commissioner*, 164 W.Va. 777, 266 S.E.2d 456 (1980); *Staubs v. State Workmen's Compensation Commissioner*, 153 W.Va. 337, 168 S.E.2d 730 (1969). Accordingly, we reverse the decision of the Appeal Board.

Our resolution of this issue gives rise to a procedural question raised by the employer as to the disposition to be made of this case. The employer challenged the continuation of the claimant's temporary total disability benefits by application to the Commissioner for modification pursuant to W.Va.Code § 23–5–1c,[1] the procedure approved by this Court in *Mitchell v. State Workmen's Compensation Commissioner*, 163 W.Va. 107, 256 S.E.2d 1 (1979).

---

1. W.Va.Code § 23–5–1c provides:
   In any case wherein an employer makes application in writing for a modification of any award previously made to an employee of said employer, and such application discloses cause for a further adjustment thereof, the commissioner shall, after due notice to the employee, make such modifications or changes with respect to former findings or orders in such form as may be justified, and any party dissatisfied with any such modification or change so made by the commissioner, shall upon proper and timely objection, be entitled to a hearing as provided in section one [§ 23–5–1] of this article.

In *Mitchell* we emphasized that the Commissioner's initial decision to grant or deny an application for modification of temporary total disability benefits should be an administrative one, based on the medical evidence already in the file and supplied by the parties, without the necessity of prior evidentiary hearings. *See Honaker v. State Workmen's Compensation Commissioner,* 171 W.Va. 355, 298 S.E.2d 893 (1982); *Hagy v. State Workmen's Compensation Commissioner,* 163 W.Va. 198, 255 S.E.2d 906 (1979). We recognized, however, the right of either party to challenge the Commissioner's ruling and to request evidentiary hearings after the entry of the Commissioner's order.

> "[W]here the Commissioner refuses to terminate temporary total disability benefits at the request of the employer upon his application under W.Va.Code, 23–5–1c, the employer upon a timely objection to this order, may proceed to evidentiary hearings.
>
> "[W]here the Commissioner originally denies temporary total disability benefits or terminates the benefits at a later date, the claimant is entitled, upon timely protest to the order, to proceed to an evidentiary hearing on the issue. (footnote omitted.)"

*Butcher v. State Workers' Compensation Commissioner,* 173 W.Va. 306, 315 S.E.2d 563, 568 (1983).

In this case, the employer did not request an evidentiary hearing, but chose, rather, to appeal the Commissioner's denial of its application for modification directly to the Appeal Board pursuant to W.Va.Code § 23–5–1d (1985 Replacement Vol.). That section provides:

> If in any such case it shall appear to the commissioner that such application fails to disclose some fact or facts which were not theretofore considered by the commissioner in his former findings, and

which would entitle such employer to any modification of said previous award, the commissioner shall, within sixty days from the receipt of such application, notify the claimant and the employer that such application fails to establish a just cause for modification of said award. Such notice shall be in writing and shall state the time allowed for appeal to the appeal board from such decision of the commissioner. The employer may, within thirty days after receipt of said notice, apply to the appeal board for a review of such decision.

The employer now contends that in the event of an adverse ruling on an appeal pursuant to this section, an employer is entitled to a remand of the case to the Commissioner for the evidentiary hearing allowed under *Mitchell.*

We do not believe the employer can prevail on this issue. The Workers' Compensation Act clearly affords the employer two avenues for challenging the Commissioner's denial of an application for modification of a claimant's temporary total disability benefits.[2] If the employer desires to present additional evidence in support of its petition for modification, it may request an evidentiary hearing as provided in our decision in *Mitchell.* This procedure will ultimately result in a final order which may be appealed to the Appeal Board under W.Va. Code § 23–5–1. On the other hand, if the employer is satisfied that the evidence already in the record is sufficient to establish just cause for modification or has no further evidence to present, it may appeal an adverse ruling of the Commissioner directly to the Appeal Board under W.Va.Code § 23–5–1d.[3]

We do not believe, however, that the employer is entitled to the benefit of both procedures. To allow an employer to ap-

---

**2.** We note that in its decision in this case the Appeal Board concluded, apparently on the basis of the language in *Butcher,* that the Commissioner's denial of the employer's application for modification was not an appealable order. In neither *Butcher* nor *Mitchell,* however, did we suggest that the right to request evidentiary hearings precluded an employer from appealing the Commissioner's denial of a petition for modification directly to the Appeal Board pursuant

to W.Va.Code § 23–5–1d. *See Allen v. Workers' Compensation Commissioner,* 173 W.Va. 238, 314 S.E.2d 401 (1984).

**3.** Note, however, that in the event of a favorable ruling by the Appeal Board, this procedure can give rise to problems with respect to the notice to which the claimant is entitled. *See Allen v. Workers' Compensation Commissioner, supra,* note 2.

peal the Commissioner's just cause ruling to the Appeal Board under W.Va.Code § 23–5–1d and, upon receiving an adverse ruling, to have the case remanded for further evidentiary hearings would unduly burden and delay a procedure designed "to provide a simple and expeditious method of resolving the question of disputed claims arising from injuries occurring in the workplace." *Mitchell v. State Workmen's Compensation Commissioner*, 163 W.Va. 117, 256 S.E.2d at 9.

■ Accordingly, we hold that where the Workers' Compensation Commissioner denies an employer's application, pursuant to W.Va.Code § 23–5–1c, for modification of a claimant's temporary total disability benefits on the ground that such application fails to establish just cause for modification, the employer must elect whether to proceed to evidentiary hearings pursuant to this Court's decision in *Mitchell v. State Workmen's Compensation Commissioner, supra,* or to appeal the Commissioner's ruling directly to the Workers' Compensation Appeal Board pursuant to W.Va.Code § 23–5–1d. The employer in this case, having opted to challenge the Commissioner's ruling by direct appeal, cannot now claim entitlement to further evidentiary hearings on remand.

For the reasons stated herein, the June 26, 1985 order of the Workers' Compensation Appeal Board is reversed.

Reversed.