Andy Pripich *v.* State Compensation Commissioner *et al.*

(No. 7380)

Submitted September 7, 1932.   Decided September 20, 1932.

*Harrison Conaway* and *John E. Amos*, for appellant.

*H. B. Lee*, Attorney General, and *R. Dennis Steed*, Assistant Attorney General, for respondents.

MAXWELL, JUDGE:

An appeal has been awarded claimant from a finding of the State Compensation Commissioner of April 6, 1932, refusing to award additional compensation and closing the claim.

Claimant was injured December 8, 1927, while employed as a coal loader for The Consolidation Coal Company in one of its mines at Baxter. It was first reported that the muscles of his back were bruised and sprained and "contusions of right side over liver and back." He was paid compensation for 13-3/7 weeks at $14.03 per week as an open claim. On February 13, 1929, this award was increased to 80 weeks being on the basis of a twenty per centum disability. Payments terminated June 27, 1929.

His condition did not thereafter improve. He was examined by several doctors and treated for tonsillitis, rheumatism, lumbago, gastritis and eventually operated on for appendicitis. About ten months after the accident, some of the doctors who examined him with the aid of an X-ray stated that claimant had sustained an injury to the dorsal and lumbar vertebrae. He was examined by a physician of the Compensation Department about a year following the accident and the X-ray disclosed an injury to the lower dorsal and upper lumbar vertebrae and "slight compression and marked lipping of the 10th, 11th and 12th dorsal and the 1st and 2nd

lumbar vertebrae." There was also a slight scoliosis to the right. Claimant's trouble was diagnosed as "probably a traumatic arthritis." Subsequent examinations made by numerous doctors both in behalf of claimant and the commissioner also disclosed injury to the spine. The doctors making these later examinations differed only in describing the resultant effects of the injury upon claimant. He was variously reported to be suffering from a compression fracture, lipping of the vertebrae, hypertrophic arthritis, traumatic arthritis, kyphosis, curvature of the spine, limitation of motion in the lumbar spine, and narrowing of the inter-vertebrae discs.

Some of the doctors stated that claimant's condition was not attributable to the injury; others stated that his condition was not wholly so attributable. However, many doctors were of opinion that his condition was a direct result of the injury. One physician who examined claimant several times at the commissioner's request, wrote the commissioner that the hypertrophic arthritis of the spine was "probably not due to his injury," but stated further, "I can find no physical reason to explain his other symptoms." The doctors who did not attribute his condition to the injury did not commit themselves as to what it might be attributed.

In the opinion of some of the doctors, claimant is unable to perform manual labor; his condition will not improve and is too far developed for rehabilitative measures. They were also of opinion that his disability was more than twenty per centum. Some thought it was fifty per centum.

It appears that prior to the date of the injury claimant was a man of strong physique and in good health. This is not controverted. His family physician stated that claimant "was a real man, up to the time he got hurt."

That claimant's spine is impaired is recognized. It is evident from a reading of the testimony of the physicians that he is seriously disabled. There is forceful evidence of physicians that his disability is a result of the injury stated. The circumstances tend strongly to sustain this view. If his disability is not attributable to the injury, to what may it be attributed? No satisfactory explanation is offered. In such situation we are impressed that there should be further

development of the case. If the disabilities cannot with some degree of certainty be attributed to a cause other than the injury, we are of opinion that the conclusion must prevail that the claimant is suffering from progressive results of his injury of December 8, 1927.

It will be observed that as a result of claimant's examination by a physician at the request of the commissioner, his trouble was diagnosed as "hypertrophic arthritis of the spine (probably not due to his injury)." Another of the physicians for the department thought his trouble was probably traumatic arthritis. It appears from the testimony of physicians that claimant's disability is a reasonable and probable result of the injury of which complaint is made. There is nothing in the record to indicate that the chain of causation between the date of the injury and his present physical condition has been broken by the intervention of some new and independent agency.

Where, in the course of and arising out of his employment, an employee in good health and of strong physique, suffers physical injury which is followed by serious disabilities, competent physicians differing as to whether the disabilities are attributable to the injury, but only probable or conjectural reasons or causes are assigned by physicians in an effort to explain the disabilities on grounds other than the injury, the presumptions should be resolved in favor of the employee rather than against him. *Poccardi* v. *Public Service Commission*, 75 W. Va. 542, 84 S. E. 242; *Demastes* v. *Commissioner*, decided at this term.

Following a procedure which has been adopted in several cases where we have felt that the evidence was not sufficiently developed, we are of opinion to remand this case to the commissioner in order that opportunity may be given to develop whether there is substantial basis for the medical opinion that claimant's disabilities are not attributable to his injury.

We therefore reverse the ruling of the commissioner and remand the case for further development and for such finding by the commissioner as he may deem proper on the record when thus amplified.

*Reversed and remanded, with directions.*