IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**NICHOLAS HARRIS,**
**Claimant Below, Petitioner**

**FILED**
**April 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)**   **No. 22-ICA-257**     (BOR: 2058361)
(JCN: 2022000877)

**ACNR RESOURCES, Inc.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Nicholas Harris appeals the decision of the Workers' Compensation Board of Review ("Board") dated October 25, 2022, affirming the Office of Judge's ("OOJ") order dated June 2, 2022. The OOJ affirmed three orders of the claim administrator. One order denied the addition of an unspecified injury of the muscle/tendon of the left rotator cuff and derangement of the left shoulder as compensable diagnoses in the claim; another order denied authorization for left shoulder reverse total arthroplasty; and a third order denied temporary total disability ("TTD") benefits. Respondent ACNR Resources, Inc., ("ACNR")[1] filed a timely response.[2] Mr. Harris did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 11, 2021, Mr. Harris, a plant operator, injured his left shoulder when he fell down steps in his workplace. According to statements Mr. Harris made at a treatment visit with Sylvia Heston, APRN, FNP-BC, two days after the injury, he fell on a bent step and reached out and backward with his left arm, catching the handrail and putting his weight

---

[1] For reasons not readily apparent in the appendix record, the respondent substituted "Marion County Coal Resources, Inc." for the employer that was identified below as "ACNR Resources, Inc." Consistent with the action of the Supreme Court of Appeals in *Delbert v. Murray American Energy, Inc.*, __ W. Va. __, __ n.1, 880 S.E.2d 89, 92 n.1 (2022), we use the name of the employer as designated in the order on appeal: ACNR Resources, Inc.

[2] Mr. Harris is represented by J. Thomas Greene, Jr., Esq. and T. Colin Greene, Esq. ANCR is represented by Aimee M. Stern, Esq.

on the left arm. Mr. Harris reported to Nurse Heston that he had immediate left shoulder pain. By order dated July 29, 2021, the claim administrator ruled the claim compensable for an "unspecified sprain of unspecified shoulder joint."

Jennifer Lultschik, M.D., treated Mr. Harris on August 2, 2021, and August 16, 2021, for his left shoulder pain following the workplace injury. Dr. Lultschik ordered a shoulder MRI due to her concern about a possible rotator cuff injury that she related to the workplace injury.

An MRI of the left shoulder was performed on August 18, 2021, and revealed full-thickness tears of the supraspinatus and infraspinatus tendons and a large, partial-thickness tear of the subscapularis tendon. The supraspinatus and infraspinatus tendon fibers were retracted and there was mild atrophy of both muscles. George Bal, M.D., an orthopedic surgeon, reviewed the MRI and examined Mr. Harris on August 23, 2021. Mr. Harris reported that while he did not have significant problems with the shoulder until the injury, he experienced "mild pain in the shoulder" when he worked as a roof bolter. Further, Mr. Harris indicated that his pain began to subside after he changed jobs. Dr. Bal noted that the MRI showed "a large rotator cuff tear with retraction and mild fatty atrophy." Because of the size of the tear, and noting that atrophy can hinder the healing of a repair, Dr. Bal presented the option of a reverse arthroplasty and Mr. Harris decided to proceed with the arthroplasty.

Prasadarao B. Mukkamala, M.D., conducted an independent medical evaluation ("IME") on October 25, 2021. Upon reviewing the left shoulder MRI, Dr. Mukkamala opined that the significant retraction and atrophy seen were indicative that the rotator cuff tear was a chronic condition that predated the compensable injury. Further, Dr. Mukkamala noted that Mr. Harris had problems with his left shoulder for more than ten years while working as a roof bolter and electrician; however, after he changed jobs and became a plant operator, the shoulder did not bother him as significantly. Dr. Mukkamala determined that the compensable injury was a sprain/strain and contusion that may have exacerbated symptoms in the shoulder, but the injury did not cause the tear. Following a range of motion examination, Dr. Mukkamala placed Mr. Harris at maximum medical improvement ("MMI") and assigned 6% whole person impairment to the compensable injury and 5% whole person impairment to preexisting conditions. In Dr. Mukkamala's opinion, the total shoulder arthroplasty proposed by Dr. Bal was to address the noncompensable, preexisting rotator cuff tear and was unrelated to the compensable injury.

On October 25, 2021, Dr. Bal asked the claim administrator to authorize left shoulder reverse total arthroplasty. A few days later, in an Attending Physician's Report dated October 29, 2021, Dr. Bal indicated that Mr. Harris was not at MMI and remained temporarily totally disabled as he awaited surgery. On December 2, 2021, Dr. Bal completed a Diagnosis Update form requesting left rotator cuff injury and internal derangement be ruled compensable in the claim. In relating the conditions to the

compensable injury, Dr. Bal explained that Mr. Harris had fallen at work and landed on his left shoulder and an MRI demonstrated a large rotator cuff tear with retraction.

On October 28, 2021, the claim administrator issued a notice suspending TTD benefits based on Dr. Mukkamala's finding that Mr. Harris was at MMI. On October 29, 2021, the claim administrator denied authorization for the left shoulder reverse total arthroplasty based on Dr. Mukkamala's IME. By order dated December 6, 2021, the claim administrator closed the claim for TTD benefits, citing the October 28, 2021, notice, and noting that no additional evidence had been received to substantiate the continuation of benefits. On December 15, 2021, the claim administrator denied Dr. Bal's Diagnosis Update based upon Dr. Mukkamala's IME report finding the conditions were not related to the claim. Mr. Harris protested the TTD closure, the denial of surgery, and the denial of secondary conditions.

On December 21, 2022, Mr. Harris testified at a deposition that he did not have left shoulder problems until his injury on July 7, 2021, but that he had right shoulder problems when he worked as a roof bolter. He did not recall telling Dr. Bal that he had pre-injury pain in his left shoulder.

On December 22, 2022, Dr. Bal performed left reverse total shoulder arthroplasty noting that Mr. Harris had no rotator cuff attachment superiorly and the remnants of the subscapularis tendon and teres minor were preserved. On March 8, 2022, Dr. Mukkamala issued an addendum report based on his review of Dr. Bal's operative report. Dr. Mukkamala determined that the operative report confirmed his earlier opinion that the rotator cuff tear was chronic, degenerative, and preexisted the injury.

On June 2, 2022, the OOJ ruled that Mr. Harris did not suffer a rotator cuff injury and internal derangement of the shoulder in the injury on July 11, 2021, and thus the conditions and surgery request were properly denied. Further, the OOJ ruled that TTD benefits were properly terminated because Dr. Mukkamala placed Mr. Harris at MMI. By order dated October 25, 2022, the Board affirmed the OOJ's order. Mr. Harris now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;

3

(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, __ W. Va. __, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Harris argues that Drs. Lultshick and Bal correctly determined that he sustained a rotator cuff injury and internal derangement of his left shoulder as a result of the injury at work on July 11, 2021. Mr. Harris asserts that Dr. Bal promptly discontinued Mr. Harris' physical therapy after reviewing the MRI that revealed significant damage to the shoulder, and a left shoulder reverse arthroplasty was recommended. In response to Dr. Mukkamala's finding that the injury consisted of a "sprain/contusion of the left shoulder superimposed upon preexisting chronic rotator cuff tear," Mr. Harris contends that there was no medical evidence that the rotator cuff tears preexisted the injury in the claim. Mr. Harris asserts that the Supreme Court of Appeals has held that "[w]here, . . . only probable or conjectural reasons or causes are assigned by physicians in an effort to explain the disabilities on grounds other than the injury, the presumptions should be resolved in favor of the employee rather than against him." Syl. Pt. 1, *Pripich v. State Comp. Comm'r*, 112 W. Va. 540, 166 S.E. 4 (1932).

Mr. Harris also asserts that the Supreme Court of Appeals of West Virginia has held that "[a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. . . ." Syl. Pt. 5, *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022). Mr. Harris contends that he was working at full duty without symptoms or limitations at the time of the injury, and had no history of shoulder complaints, thus he argues that his disability must be presumed to be the result of his work injury.

Mr. Harris also asserts that the surgery performed by Dr. Bal should have been authorized in order for him to recover from the work injury. Further, Mr. Harris contends that the closure of TTD benefits was improper because his treatment providers did not release him to return to work, and Dr. Bal specified that he would need to remain off work for six months after the surgery to recover. In addition, Mr. Harris contends that his orthopedic surgeon, Dr. Bal, was more qualified to assess his needs, and therefore, his opinion should be afforded greater evidentiary weight than that of Dr. Mukkamala.

Based on our review, we find that the Board did not err in affirming the OOJ's decision. The conditions sought to be added to the claim were not new injuries and the Supreme Court of Appeals has held that:

> A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable. Syllabus Point 3, *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016).

*Moore*, 247 W. Va. at 292, 879 S.E.2d at 781, syl. pt. 4. The OOJ properly weighed the evidence and relied on Dr. Mukkamala's conclusion that Mr. Harris' rotator cuff tear and internal derangement of the left shoulder were chronic, preexisting, degenerative conditions that did not result from the work injury on July 11, 2021. Dr. Ball requested the conditions be added to the claim and noted that the MRI demonstrated a large rotator cuff tear with retraction, but did not address or rebut Dr. Mukkamala's opinion that the significant retraction and atrophy were indicative of a chronic, preexisting condition. Therefore, the OOJ did not abuse its discretion in holding that the conditions were not compensable and the Board properly affirmed.

Since the conditions of rotator cuff tear and internal derangement are not compensable, the OOJ, as affirmed by the Board, did not err in affirming the denial of the left shoulder reverse total arthroplasty, which was treatment for noncompensable conditions. Similarly, the OOJ, as affirmed by the Board, did not err in affirming the closure of the claim for TTD benefits, as Mr. Harris was at MMI for the compensable injury.

Accordingly, we affirm.

Affirmed.

**ISSUED:** April 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen