# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**HOPE HARRELL,**
**Claimant Below, Petitioner**

**FILED**
**May 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-251**  (BOR Appeal No. 2058320)
(JCN: 2022011098)

**QUAD GRAPHICS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Hope Harrell appeals the October 24, 2022, order of the Workers' Compensation Board of Review ("Board"), which affirmed the Office of Judges' ("OOJ") decision affirming the claim administrator's rejection of the claim. Respondent Quad Graphics, Inc. ("Quad Graphics"), filed a timely response.[1] Ms. Harrell did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Harrell, an inkjet operator at Quad Graphics, alleged that she injured her back on December 4, 2021, when she lifted a forty-pound roll of plastic in her workplace. Two days later, on December 6, 2021, Ms. Harrell was treated at Valley Health Urgent Care in Martinsburg, West Virginia by Jacqueline R. Barrett, NP, for left-sided back pain that radiated down her leg. Importantly, Ms. Harrell reported that the pain had been present for one week and she denied any recent injuries, although she admitted that she suffered similar pain about one or two months prior to the visit when she was pulled by her dog. Nurse Barrett assessed "low back pain radiating to left lower extremity" and "radiculopathy likely due to sciatica with a previous history of the same." A steroid medication was prescribed.

On December 8, 2021, Ms. Harrell sought treatment for a work related injury that she reported occurred around 4:00 A.M. on December 5, 2021. Katherine Hart, NP, at East Mountain Health Physicians, treated Ms. Harrell for left buttock and left lower back pain.

---

[1] Petitioner is represented by J. Thomas Greene, Jr., Esq. and T. Colin Greene, Esq. Respondent Quad Graphics is represented by Aimee M. Stern, Esq.

1

Ms. Harrell alleged that the pain occurred when she picked up a roll of plastic at work, and noted that she was seen at Urgent Care on December 6, 2021, for what she thought was a pulled muscle. Nurse Hart diagnosed a strain of muscle, fascia, and tendon of lower back and noted that a steroid medication prescribed on December 6, 2021, was not helping. Ms. Harrell and Nurse Hart completed an Employees' and Physicians' Report of Occupational Injury in which Ms. Harrell declared that she injured her back on December 4, 2021, when she lifted a roll of plastic at work.[2] Nurse Hart completed the healthcare provider section noting that the lower back strain was the result of an occupational injury that did not aggravate a prior injury or disease.

The following day, December 9, 2021, Ms. Harrell sought treatment at the emergency room for low back tenderness with radiculopathy which she reported resulted from a work injury on December 4, 2021. A lumbar CT performed at the visit revealed mild disc bulges at every lumbar disc level, mild foraminal narrowing, and mild scoliosis. Michael Londner, M.D., diagnosed herniated lumbar intervertebral disc, low back pain, and degenerative disc disease.

On December 10, 2021, the day after the emergency room visit, Ms. Harrell had a video health visit with Philomela Tabuena, M.D., her family doctor at Valley Health Internal Medicine. While the visit primarily concerned medication refills, Dr. Tabuena noted that Ms. Harrell had been treated for back pain at the emergency room on December 9, 2021. Ms. Harrell indicated that the back injury occurred at her workplace and that the steroid medication she was given was not helping. Dr. Tabuena assessed degenerative disc disease and noted that Ms. Harrell continued to take a medication she had prescribed in November of 2021 for back pain.

Nurse Hart treated Ms. Harrell again for low back pain, buttock pain, and left leg numbness on December 17, 2021. At this visit, the nurse case manager for the workers' compensation claim was permitted to be present. Nurse Hart reviewed treatment notes from Valley Health dated December 6, 2021, reflecting that Ms. Harrell had denied any recent injury, although she reported weeklong pain that was similar to what she experienced a month or two ago when a dog pulled her. Based on a review of multiple treatment notes and emergency room notes, Nurse Hart concluded that the causation of Ms. Harrell's pain was unclear, as she had been "inconsistent and contradicted herself" regarding the history of her low back pain. Nurse Hart discontinued Ms. Harrell's work restrictions and instructed her to follow up with her primary care provider.

On January 12, 2022, the claim administrator issued an order rejecting the application for benefits finding that Ms. Harrell did not sustain an injury in the course of

---

[2] Nurse Hart's report indicates that Ms. Harrell reported that she was injured in the morning of December 5, 2021, but the date of injury listed on the Employees' and Physicians' Report of Occupational Injury was December 4, 2021.

her covered employment. The basis given for the claim rejection was that Ms. Harrell's treatment providers acknowledged a preexisting condition. Ms. Harrell protested this order.

At a video health visit conducted by Dr. Tabuena on January 19, 2022, Ms. Harrell was referred to pain management and Norco was prescribed for lumbar degenerative disc disease.

At a hearing before the OOJ on March 31, 2022, Ms. Harrell testified that she was injured at work on December 4, 2021, when she lifted a forty-pound roll of plastic and felt a pop and instant pain down her left buttock and leg when she put down the plastic. She denied having symptoms just prior to the work injury. Ms. Harrell acknowledged having previous back problems, but claimed it was "nothing to the point where [she] had any treatments or any x-rays or anything like … that." However, upon cross-examination, Ms. Harrell conceded that on January 24, 2012, she was treated at the hospital for low back pain radiating to her left buttock and left leg, after dogs pulled her. Further, Ms. Harrell admitted to having prior lumbar pain in 2017 after a dog pulled her and that lumbar X-ray revealed fractured ribs. Medical records from Jefferson Memorial Hospital dated January 24, 2012, and April 3, 2017, document treatment for low back pain. The lumbar X-ray performed at the hospital visit in 2017 documented multilevel degenerative disc disease, mild scoliotic curvature, and rib fractures.

On May 16, 2022, the OOJ affirmed the claim administrator's rejection of the claim, finding that Ms. Harrell did not prove by a preponderance of the evidence that she was injured in the course of and resulting from her employment. The OOJ found that Ms. Harrell had preexisting lumbar degenerative disc disease and she was treated for chronic low back pain only a month before the alleged injury in the claim.

In its decision, the OOJ also mentioned the inconsistencies in Ms. Harrell's testimony and statements to medical treatment providers. In particular, the OOJ commented that at the treatment visit on December 6, 2021, Ms. Harrell denied any known recent injuries, but noted her pain was similar to an injury a month or two prior. The OOJ specifically found Ms. Harrell's testimony to be "somewhat suspect," pointing out that Ms. Harrell initially denied having a prior lumbar X-ray or prior radicular left-sided symptoms, but medical records documented a prior history of chronic low back pain with radicular complaints, X-rays, and treatment for the symptoms in 2012, 2017, and November 8, 2021. The OOJ noted that Nurse Hart, who had initially completed the Report of Occupational Injury form, later determined that the cause of Ms. Harrell's pain was "unclear" and noted inconsistencies and contradictions in Ms. Harrell's claims.

On October 24, 2022, the Board affirmed the OOJ's May 16, 2022, order. Ms. Harrell now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n,* 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022*).*

On appeal, Ms. Harrell argues that the OOJ and Board applied the wrong standard when it found that she did not prove "by a preponderance of the evidence" that her lumbar condition resulted from her injury of December 4, 2021." Instead, Ms. Harrell contends that she is entitled to the presumption that a workplace injury caused her disability, and cited Syllabus Point 1*, Pripich v. State Comp. Comm'r*, 112 W. Va. 540, 540, 166 S.E. 4, 4 (1932):

> Where, in the course of and arising out of his employment, an employee in good health and of strong physique suffers physical injury, which is followed by serious disabilities, competent physicians differing as to whether the disabilities are attributable to the injury, but only probable or conjectural reasons or causes are assigned by physicians in an effort to explain the disabilities on grounds other than the injury, the presumptions should be resolved in favor of the employee rather than against him.

Ms. Harrell asserts that a CT performed on December 9, 2021, revealed disc bulges at all lumbar levels, and there was no diagnostic imaging predating her injury that showed disc bulges. The X-rays in 2017, she notes, were not interpreted as showing disc bulges. Thus, she contends that there was no pre-injury medical evidence of disc bulges. Further, Ms. Harrell argues that, although she had prior treatment for her back, she had been working full duty until the injury, and multiple medical providers determined that her symptoms were commensurate with her described mechanism of injury. Therefore, it is

4

Ms. Harrell's position that the presumption must be found in her favor that her work injury caused her disability.

Further, Ms. Harrell contends that she described an isolated fortuitous event in which her back popped while she lifted a heavy roll of plastic at work and had an onset of debilitating symptoms including radicular pain. Ms. Harrell also argues that the OOJ's decision was contrary to the Supreme Court of Appeals holding that:

> A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

Syl. Pt. 5, *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022). Also, Ms. Harrell contends that Quad Graphics did not rebut the presumption established in *Moore*. *See id.* Additionally, she argues that the OOJ failed to acknowledge that Dr. Tabuena diagnosed degenerative disc disease on November 8, 2021, at a telehealth visit, whereas the diagnosis of strain of muscle, fascia, and tendon of lower back, by Nurse Hart on December 8, 2021, was based on an in-person evaluation. Also, Ms. Harrell notes that she testified under oath and her description of the work injury has remained consistent since she first reported it. Thus, Ms. Harrell requests that we reverse the order rejecting the claim.

After review, we conclude that the OOJ, as affirmed by the Board, was not clearly wrong in affirming the rejection of the claim. As the Court in *Moore* held, even if the presumption is met, "[t]here still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident . . ." *Moore*, 247 W. Va. at __, 879 S.E.2d at 781, syl. pt. 5. Here, the OOJ's ruling not only focused on Ms. Harrell's prior treatment for similar symptoms, including pre-injury treatment only about one month before the alleged injury but also the inconsistencies in Ms. Harrell's testimony and statements to medical providers. Taken together, there is ample support for the conclusion that Ms. Harrell did not meet her burden of proof that she was injured in the course of and resulting from employment. Accordingly, we find no reversible error in the OOJ's conclusion, as affirmed by the Board, that denial of the claim was appropriate.

Finding no error in the Board's October 24, 2022, order, we affirm.

Affirmed.

**ISSUED:** May 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen