# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**May 2, 2025**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**John J. Delsignore,**
**Claimant Below, Petitioner**

**v.)** **No. 23-636** (JCN: 2021013896)
　　　　　　　(ICA No. 22-ICA-331)

**Timberline Logging Enterprises, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

The petitioner, John J. Delsignore, appeals the September 5, 2023, decision of the Intermediate Court of Appeals of West Virginia ("ICA").[1] *See Delsignore v. Timberline Logging Enters., LLC*, No. 22-ICA-331, 2023 WL 5695517 (W. Va. Ct. App. Sept. 5, 2023) (memorandum decision). The issue on appeal is whether the ICA erred in affirming the December 2, 2022, order of the West Virginia Workers' Compensation Board of Review ("Board"), which affirmed the June 3, 2022, order of the claim administrator denying the addition of right ankle subtalar joint arthritis, left hip joint pain, and low back pain with left-sided sciatica as compensable conditions to the petitioner's workers' compensation claim. Having considered the parties' briefs, oral arguments, and the record on appeal, we find no substantial question of law and no prejudicial error. Accordingly, a memorandum decision affirming the ICA's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January 2021, the petitioner was working as a tree feller for Timberline Logging Enterprises, LLC ("the respondent") when a tree branch struck and injured him. The petitioner sought emergency treatment for his injuries at the Garrett Regional Medical Center in Oakland, Maryland, where he was diagnosed with trimalleolar fracture and dislocation of the right ankle. Later that day, Dona M. Alvarez, M.D., performed orthopedic surgery to stabilize the petitioner's ankle. The petitioner filed a workers' compensation claim shortly after his surgery, and the claim administrator determined that the petitioner was entitled to temporary total disability benefits for the compensable conditions of "displaced trimalleolar fracture of right lower leg" and "contusion of lower back and pelvis."

In June 2021, the petitioner attended a postoperative appointment with Dr. Alvarez and reported continued swelling in his right ankle and tenderness in his sacroiliac joint and low back. Dr. Alvarez diagnosed the petitioner with post-traumatic arthritis of the right ankle and back pain with left-sided sciatica resulting from his compensable injury.

---

[1] The petitioner is represented by counsel J. Thomas Greene, Jr. and T. Colin Greene and the respondent is represented by counsel Jeffrey M. Carder.

In July 2021, the petitioner submitted to an independent medical evaluation ("IME") by Christopher Martin, M.D., of the West Virginia University Department of Occupational Medicine. Dr. Martin disagreed with Dr. Alvarez's June 2021 diagnoses. In his report, Dr. Martin noted the lack of x-ray or other medical evidence to support a diagnosis of post-traumatic arthritis in the petitioner's right ankle and opined that post-traumatic arthritis would not be expected to develop so soon after the compensable injury. However, Dr. Martin acknowledged that the petitioner was at an increased risk of developing post-traumatic arthritis in his right ankle in the future, due to the nature and severity of his compensable injury. Dr. Martin directed the petitioner to obtain a secondary medical opinion to that of Dr. Alvarez from an orthopedic surgeon, concerning whether the petitioner required additional treatment for his compensable right ankle injury. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Martin determined that the petitioner had fully recovered from his compensable injury of "contusion of the lower back and pelvis" with no residual impairment.

In August 2021, the petitioner returned to Dr. Alvarez for further evaluation. In her report, Dr. Alvarez reiterated her diagnosis of post-traumatic arthritis in the right ankle and noted that the petitioner complained of left groin pain and back pain. Dr. Alvarez also noted that an x-ray of the petitioner's right ankle "was negative for avascular necrosis." Dr. Alvarez recommended that the petitioner undergo x-ray evaluation of his left hip and lumbar spine. In the report for a subsequent September 2021 appointment, Dr. Alvarez also recommended that the petitioner utilize a custom orthotic and Richie style brace to treat his right ankle symptoms.

The petitioner submitted to a second IME by Dr. Martin in December 2021. In his report, Dr. Martin noted that the petitioner had obtained a secondary medical opinion from an orthopedic surgeon, Dr. Linda Jackson of Kingwood, West Virginia. Dr. Martin also noted that the petitioner's wife had shown Dr. Martin a photograph of a signed note from Dr. Jackson, which stated that no further orthopedic treatment was indicated for the petitioner's right ankle injury. Using the *Guides*, Dr. Martin then concluded that the petitioner had reached maximum medical improvement for his compensable right ankle injury and, as a result of the injury, suffered a whole person impairment of 5%. Dr. Martin opined that the petitioner should transition to long-term maintenance care for his compensable right ankle injury and agreed with Dr. Alvarez's recommendation that the petitioner utilize a custom orthotic and Richie style brace. Dr. Martin disagreed with Dr. Alvarez's recommendation that the petitioner undergo x-ray evaluation of his hip and spine, explaining that the x-rays taken immediately after the compensable injury did not show trauma to those body parts.

In April 2022, Dr. Alvarez completed a diagnosis update form for the petitioner, requesting the claim administrator to add the conditions of right ankle subtalar joint arthritis, left hip joint pain, and low back pain with left-sided sciatica (collectively, "secondary diagnoses") to the petitioner's claim. In June 2022, the claim administrator denied the petitioner's request to add the secondary diagnoses to his claim. The petitioner protested the claim administrator's decision to the Board.

In December 2022, the Board considered the petitioner's protest and affirmed the claim administrator's denial of his request to add the secondary diagnoses to his claim. According to its order, the Board weighed the evidence before it according to the "preponderance of the evidence" standard and first found that "the evidence [did] not support a diagnosis of right ankle

2

post-traumatic arthritis and therefore, the claim administrator was correct in not adding the condition to the claim as compensable." Specifically, the Board noted that Dr. Alvarez did not document a finding of post-traumatic arthritis in x-rays of the petitioner's right ankle, that an x-ray of the right ankle documented a negative finding of avascular necrosis, and that Dr. Martin had opined that post-traumatic arthritis in the right ankle would not be expected to occur so soon after the compensable injury. The Board further reasoned that left hip joint pain and low back pain with left-sided sciatica could not be added to the claim, because, according to this Court's precedent, "pain is a symptom, not a diagnosis." *See Harpold v. City of Charleston*, No. 18-0730, 2019 WL 1850196, at *3 (W. Va. Apr. 25, 2019) (memorandum decision); *Whitt v. US Trinity Energy Servs., LLC*, No. 20-0732, 2022 WL 577587, at *3 (W. Va. Feb. 25, 2022) (memorandum decision).

The petitioner appealed the Board's decision to the ICA. In September 2023, the ICA issued a memorandum decision affirming the Board's decision. Concerning the petitioner's request to add right ankle subtalar joint arthritis to his claim, the ICA found that the Board did not err when it concluded that there was insufficient evidence to support the diagnosis, specifically pointing to the absence of x-ray evidence and Dr. Martin's opinion that the condition would not be expected to develop so soon after the compensable injury. Additionally, the ICA concluded that the Board was not clearly wrong when it found that pain cannot be a compensable condition in a workers' compensation claim, as "pain is a symptom, not a diagnosis," according to this Court's precedent. *Id.* The petitioner now appeals the ICA's decision.

On appeal of an ICA decision in a workers' compensation case, our standard of review is as follows:

> On appeal of a decision of the West Virginia Workers' Compensation Board of Review from the Intermediate Court of Appeals of West Virginia to the Supreme Court of Appeals of West Virginia, the Supreme Court of Appeals is bound by the statutory standards contained in West Virginia Code § 23-5-12a(b) (eff. Jan. 13, 2022). Questions of law are reviewed de novo, while findings of fact made by the Board of Review are accorded deference unless the reviewing court believes the findings to be clearly wrong.

Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). "Thus, unless the evidence compels a contrary finding, the Board's reliance on certain medical reports and opinions over others is entitled to considerable deference." *Arch Coal, Inc. v. Howard*, No. 23-391, 2025 WL 1122258, at *3 (W. Va. Apr. 16, 2025) (citing *Hood v. Lincare Holdings, Inc.*, 249 W. Va. 108, 115, 894 S.E.2d 890, 897 (2023)).

The petitioner asserts that "[t]he Intermediate Court of Appeals of West Virginia was clearly wrong in its [d]ecision of September 5, 2023, affirming the Board's denial of the addition of right ankle subtalar joint arthritis, left hip joint pain, and low back pain with left side sciatica as compensable conditions within this claim." After careful review of the record and the arguments of the parties, we agree with the ICA's decision to affirm the Board's order in this case. We address each of the petitioner's arguments below.

3

First, the petitioner argues that "Dr. Martin has acknowledged that [the petitioner's] ongoing symptoms and limitations are a result of his compensable work injury" by virtue of his concurrence with Dr. Alvarez's treatment recommendation, combined with his statement in the July 2021 IME report that the petitioner was at an increased risk of developing post-traumatic arthritis from his compensable injury. The petitioner further points out that although "Dr. Martin had previously disagreed with Dr. Alvarez's diagnosis of post-traumatic osteoarthritis, he made no diagnoses contrary to this finding to explain [the petitioner's] symptoms." The petitioner suggests that Dr. Martin's agreement with Dr. Alvarez's treatment recommendation for a custom orthotic and Richie style brace should be viewed as an implicit agreement with her diagnosis, arguing that "Dr. Alvarez specifically stated her recommendation was for the purpose of addressing post-traumatic arthritis, and Dr. Martin has agreed with this recommended treatment." Indeed, the petitioner argued to the ICA that it was "illogical for Dr. Martin to agree with Dr. Alvarez's recommended treatment . . . but to disagree with her diagnosis." *Delsignore*, 2023 WL 5695517, at *3. The respondent counters that it was "perfectly reasonable for Dr Martin to agree that a brace is necessary for the compensable trimalleolar fracture without compulsorily agreeing to a diagnosis for posttraumatic arthritis." We agree with the respondent. Dr. Martin did not necessarily concur with Dr. Alvarez's post-traumatic arthritis diagnosis when he echoed her recommendation for a custom orthotic and Richie style brace. As the ICA pointed out in its decision below, "[i]t is entirely plausible for Dr. Martin to agree that a brace was necessary based on the permanent impairment Mr. Delsignore sustained from the compensable injury rather than arthritis as suggested by Dr. Alvarez." *Id*. Therefore, we find no reason to disturb the Board's factual finding that the medical evidence presented in the petitioner's claim did not support a diagnosis of post-traumatic arthritis in the right ankle.

The petitioner further contends he is entitled to a legal presumption that his compensable injury caused his secondary diagnoses. The petitioner cites to *Pripich v. State Compensation Commissioner et al.*[2] to assert that, because Dr. Martin did not offer a contrary diagnosis to that of Dr. Alvarez to explain the petitioner's continued ankle limitations, it should be presumed that his ankle limitations are "attributable" to his compensable injury. The petitioner also cites to *Moore v. ICG Tygart Valley, LLC*,[3] to assert that his secondary diagnoses "must be brought into his claim

_____

[2] In *Pripich*, this Court held that

> [w]here, in the course of and arising out of his employment, an employee in good health and of strong physique suffers physical injury, which is followed by serious disabilities, competent physicians differing as to **whether the disabilities are attributable to the injury**, but only probable or conjectural reasons or causes are assigned by physicians in an effort to explain the disabilities on grounds other than the injury, **the presumptions should be resolved in favor of the employee** rather than against him.

Syl. Pt. 1, *Pripich v. State Comp. Comm'r*, 112 W. Va. 540, 166 S.E. 4 (1932) (emphasis added).

[3] In *Moore*, this Court held that

> [a] claimant's disability will be **presumed to have resulted from** the compensable injury if: (1) before the injury, the claimant's preexisting disease or

4

as compensable conditions," arguing that *Moore* creates a presumption that his compensable injury caused those conditions. We disagree. Both *Pripich* and *Moore* involved factual disputes as to whether a claimant's condition was causally related to their compensable injury, and the holdings of both cases addressed when a causal connection will be presumed in certain scenarios. Here, the petitioner's claim did not involve a question or dispute as to the cause of the petitioner's secondary diagnoses; rather, the Board found that the evidence in the petitioner's claim did not establish the *existence* of compensable conditions that could be added to his claim. More specifically, the Board determined the evidence did not support the diagnosis of post-traumatic arthritis in the right ankle and that the petitioner's "pain" conditions were symptoms, not compensable conditions. Because causation was never at issue in the petitioner's claim or subsequent appeal,[4] we find the petitioner's arguments to be without merit.

Next, the petitioner argues that the Board should have issued a decision in his favor according to the statutory presumption in West Virginia Code § 23-4-1g(a), which states that, "[i]f, after weighing all of the evidence regarding an issue in which a claimant has an interest, **there is a finding** that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted." (emphasis added). However, there was no such "finding" made by either the claim administrator or the Board in this case. On the contrary, both the claim administrator and the Board specifically found that the evidence weighed against the existence of compensable conditions that could be

---

condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

Syl. Pt. 5, *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (W. Va. 2022) (emphasis added).

[4] We acknowledge that the Board's December 2022 order contained language that confused the issue of whether the petitioner was properly diagnosed with compensable conditions that could be added to his claim with the issue of causation. In the beginning of its analysis in the order, the Board stated that "[t]he issue [in the petitioner's claim] is whether the medical conditions complained of by the claimant were causally related to the compensable injury or from the events which caused the compensable injury." The Board concluded its analysis by stating that "[t]he claimant has not established that the conditions of right ankle subtalar joint arthritis, left hip joint pain, and low back pain with left-sided sciatica were causally related to the compensable injury." Notwithstanding these incongruous references to causation, the Board's decision was clearly based on its finding that the evidence did not support the diagnosis of post-traumatic arthritis in the petitioner's right ankle and that the petitioner's "pain" conditions were symptoms, not diagnoses. The ICA decision did not incorporate or rely upon the Board's misplaced references to causation in its decision. Therefore, we conclude that causation was not a determinative factor in the decisions below.

added to the petitioner's claim. Thus, the petitioner's claim did not implicate the statutory presumption in West Virginia Code § 23-4-1g(a).

Finally, we agree with the ICA's conclusion that the petitioner's diagnoses of left hip joint pain and low back pain with left-sided sciatica cannot be added to his claim as compensable conditions, since pain is considered to be a symptom of a condition rather than a compensable condition itself for the purposes of a workers' compensation claim. *See Harpold*, 2019 WL 1850196, at *3 (concluding that left knee pain is a symptom, not a diagnosis, and therefore cannot be added to a claim).[5] This Court has specifically defined sciatica as "pain in the sciatic nerve." *See Harrison v. Hockin*, No. 22-0133, 2023 WL 6906539, at *1 (W. Va. Oct. 19, 2023) (memorandum decision).[6] Thus, the ICA did not err in affirming the Board's conclusion that left hip joint pain and low back pain with left-sided sciatica could not be added to the petitioner's claim, since pain is a symptom and not a diagnosis.

For the reasons stated above, we find no reversible error and therefore affirm the ICA's decision.

Affirmed.

**ISSUED:** May 1, 2025

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

[5] *See also, e.g., Miller v. Mine Battery Serv., Inc.*, No. 20-0418, 2021 WL 4936468, at *4 (W. Va. Oct. 4, 2021) (memorandum decision) (concluding that myalgia is a symptom, not a diagnosis); *Mills v. McDowell Cnty. Comm'n on Aging, Inc.*, No. 20-0407, 2021 WL 4936631, at *3 (W. Va. Sept. 22, 2021) (memorandum decision) (concluding that dorsalgia, or back pain, is a symptom and not a diagnosis); *Williams v. Greenbrier Cnty. Comm'n*, No. 18-0948, 2020 WL 3868418, at *4 (W. Va. July 9, 2020) (memorandum decision) (concluding that that sacroiliac joint arthralgia, or pain in the joint, is a symptom and not a diagnosis); *Radford v. Panther Creek Mining, LLC*, No. 18-0806, 2019 WL 4415245, at *3 (W. Va. Sep. 13, 2019) (memorandum decision) (concluding that neck and shoulder pain are symptoms, not diagnoses).

[6] *Accord Triton Constr., Inc. v. Blaney*, No. 22-ICA-261, 2023 WL 3172027, at *3 (W. Va. Ct. App. May 1, 2023) (affirming an Office of Judges decision which found that "lumbago with sciatica" was a pain symptom, rather than an injury diagnosis).

**CONCURRING AND WRITING SEPARATELY:**

Chief Justice William R. Wooton

**WOOTON, Chief Justice, concurring:**

I concur in the judgment of the Court. I write separately, however, to clarify that my concurrence is based upon two critical factors, one of which is mentioned in the majority's decision and one which is not.

As to the first factor, the majority recognizes Dr. Martin's "acknowledge[ment] that the petitioner was at an increased risk of developing post-traumatic arthritis in his right ankle in the future, due to the nature and severity of his compensable injury." Thus, it may reasonably be anticipated that if post-traumatic arthritis does develop in the future, the petitioner may pursue further relief pursuant to West Virginia Code section 23-4-16, which governs "modification, change or reopening of a prior award[.]"

As to the second factor, at oral argument counsel for the employer expressly acknowledged that the petitioner's complaints of left hip joint pain and low back pain with left-sided sciatica are symptoms of compensable conditions, specifically, contusion of the lower back and pelvis; and further informed this Court that treatment for these symptoms is ongoing as part of the petitioner's workers' compensation claim. These representations by counsel were critical to my conclusion that the majority's decision is not only legally sound but also fair to the petitioner, who suffered severe injuries during the course of his employment and is entitled to be fully compensated for those injuries.

For the foregoing reasons, I respectfully concur.